# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW J. McGINNESS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:06-CV-0501-RWS |
| | ) | |
| ST. CHARLES COUNTY ADULT | ) | |
| DETENTION CENTER, UNKNOWN | ) | |
| GLOVER, A. B. STAHL, UNKNOWN | ) | |
| LUPO, UNKNOWN FERRIS, KAREN | ) | |
| UNKNOWN, UNKNOWN STAFF | ) | |
| PSYCHOLOGIST, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Matthew J. McGinness for leave to commence this action without payment of the required filing fee.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1) a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. See 28 U.S.C. § 1915(b)(1).

Applicant has submitted an affidavit and a certified copy of his prison account statement for a period of approximately six weeks during which he has been incarcerated at St. Charles County Detention Center. A review of applicant's account statement indicates an average monthly deposit of

$0.00 and an average monthly account balance of $0.00. Thus, applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $0.00.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

## The complaint

Plaintiff seeks monetary, declaratory and injunctive relief pursuant to 42 U.S.C. § 1983. Named as defendants are St. Charles County Adult Detention Center, Unknown Glover (corrections officer), A. B. Stahl (director, St. Charles County Dept. of Corrections), Unknown Lupo (corporal), Unknown Ferris (caseworker), Karen Unknown (nurse) and Unknown Staff Psychologist. Plaintiff alleges that defendants have denied him access to the law library. Plaintiff further alleges that

defendants have been deliberately indifferent to his serious medical needs by failing to provide him with psychiatric care and medication for depression.

## Discussion

**A.    Access to the law library.**

Plaintiff alleges that, in spite of weekly written requests, he has been denied access to the law library since arriving at the detention center. He states that he has pending charges and an ongoing appeal with the State of Missouri. Plaintiff states that he feels that damage has already been done.

Plaintiff's claim fails as a matter of law under *Lewis v. Casey*, 518 U.S. 343, 116 S.Ct. 2174 (1996). Under *Lewis*, actual injury or prejudice to a non-frivolous case must be alleged even if the denial of access is complete and systemic. *Lewis*, 518 U.S. at 351, 116 S.Ct. 2174. Plaintiff's claim that he feels that damage has already been done is too broad and conclusory to support a claim under this standard. Accordingly, plaintiff's claim regarding access to the law library should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**B.    Deliberate indifference to serious medical needs.**

After careful consideration, the Court finds that the underlying Eighth Amendment claim asserted in the complaint may survive review under 28 U.S.C. § 1915(e)(2)(B). However, plaintiff has failed to allege any facts as to how a specific defendant caused or failed to correct the alleged violation of plaintiff's Eighth Amendment rights.[1] There being no indication that the named

---

[1] Because plaintiff is seeking a temporary restraining order, it is essential that the person to whom the Court might ultimately direct such relief be the person that can provide - or correct the failure to provide - plaintiff with adequate medical care. There being no indication as to which of the named defendants could provide such relief, the Court will deny plaintiff's motion for temporary restraining order, without prejudice.

defendants are directly and personally responsible for the alleged violation of plaintiff's rights, the complaint, as currently pleaded, would have to be dismissed. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Glick v. Sargent*, 696 F.2d 413, 414-15 (8th Cir. 1983) (respondeat superior theory inapplicable in § 1983 suits).

Had plaintiff stated how the named defendants were personally and directly responsible for denying him adequate medical care (or how any named defendant or defendants could correct the failure to provide plaintiff adequate medical care), the Court would be inclined to find that the instant complaint survives review under 28 U.S.C. § 1915(e)(2)(B) and should not be dismissed at this time.[2] Before dismissing the complaint, the Court believes that plaintiff should be afforded an opportunity to amend it to state how the named defendants are personally and directly responsible for the alleged violation of his rights.[3]

In accordance with the foregoing,

---

[2]Plaintiff's amending the complaint as to defendant St. Charles County Adult Detention Center, however, would be futile. *Wiles v. Capitol Indemnity Corp.*, 280 F.3d 868, 871 (8th Cir. 2002) (citing *Grandson v. Univ. of Minn.*, 272 F.3d 568, 575 (8th Cir.2001) ("Leave to amend should be denied if the proposed amended pleading would be futile."). St. Charles County Adult Detention Center is not a suable entity. *See Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (jail not a legal entity subject to suit); *Cf. Catlett v. Jefferson County*, 299 F. Supp. 967, 968-69 (E.D. Mo. 2004) (subdivision of local government entity that lacks capacity to be sued under applicable state law may not be sued in federal court under § 1983). Therefore, plaintiff's claims against this defendant will be dismissed.

[3]Because the denial of plaintiff's request for a temporary restraining order is without prejudice, plaintiff may also file another motion seeking such relief along with his amended complaint.

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in forma pauperis [Doc. 1] be **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $0.00.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because, in its current form, the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. *See* 28 U.S.C. § 1915(e)(2)(b).

**IT IS FURTHER ORDERED** that, as to defendant St. Charles County Adult Detention Center, plaintiff's complaint be **DISMISSED**, without prejudice, because the complaint against said defendant is legally frivolous or fails to state a claim upon which relief may be granted, or both. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for a temporary restraining order [Doc. 4] be **DENIED,** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. 5] be **DENIED,** without prejudice.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this Order, plaintiff shall file an amended complaint indicating how each named defendant is personally and directly responsible for the alleged violation of his rights.

**IT IS FURTHER ORDERED** that the Clerk shall forward to plaintiff, with a copy of this Order, the court-provided form for a prisoner to file "Complaint Under the Civil Rights Act, 42 U.S.C. § 1983."

**IT IS FURTHER ORDERED** that, if plaintiff fails to file an amended complaint as directed within the time period specified, the complaint shall be dismissed without prejudice.

An appropriate order of partial dismissal shall accompany this order and memorandum.

Dated this 24th day of March, 2006.

_____
**UNITED STATES DISTRICT JUDGE**